IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:

OFER MIZRAHI,                                    Case No.: 12-27559
                                                 Chapter 11
           Debtor.
_____/

OFER MIZRAHI,                                    Adv. No.: 12-

           Plaintiff,
vs.

LSREF2 BARON, LLC, a Florida
limited liability company,
WELLS FARGO BANK, N.A.,
PENTIUM CONSTRUCTION, INC.,
n/k/a ARKIN CONSTRUCTION CO., INC.,
a Florida corporation, UNIVERSAL PROPERTY
& CASUALTY INSURANCE COMPANY,
a Florida corporation, and UNIVERSAL RISK ADVISORS, INC.,
an agent of Universal Property,
BERMUDEZ CLAIM SERVICES, INC., A Florida Corporation,
and MINTZ TRUPPMAN, P.A., a Florida corporation,

           Defendants.
_____/

## ADVERSARY COMPLAINT

OFER MIZRAHI, Debtor and Plaintiff in this matter, by and through his undersigned counsel, sues LSREF2 BARON, LLC, as assignee of REGIONS BANK, WELLS FARGO BANK, N.A. (collateral) assignee of LSREF2 BARON, LLC, PENTIUM CONSTRUCTION, INC., n/k/a ARKIN CONSTRUCTION CO., INC., UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, and UNIVERSAL RISK ADVISORS, INC., and MINTZ TRUPPMAN, P.A., and states:

1. This is an adversary to:

    1. Determine the extent priority and validity of:

        i. liens against real property of the Debtor;

        ii. liens and/or claims against insurance proceeds on account of losses to real and personal property of the Debtor.

    2. To compel UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY and/or Universal Risk Advisors, Inc. ("Universal") to issue a new check or checks ( the issued check or checks are stale on their face);

    3. To determine any fees of the adjustors;

    4. To determine the claims and nature of claims, if any, of Pentium Construction, Inc. to the Property or proceeds.

2. This is a core proceeding.

3. Universal is an insurer of dwellings in Florida.

4. LSREF2 is an assignee of the (Regions Bank) First Mortgage (a convertible construction loan) on the Property ("LSREF2").

5. Wells Fargo is an assignee for collateral security purposes of LSREF2 Baron, LLC (Wells Fargo and "LSREF2" are sometimes referred to herein as "LSREF2/WELLS").

6. Pentium Construction, Inc. ("Pentium") , n/k/a ARKIN CONSTRUCTION CO., INC., is a Florida corporation doing business in Miami-Dade County, Florida.

7. Bermudez Claim Services, Inc., ("Bermudez") is a Florida corporation doing insurance adjusting business in Miami-Dade County, Florida.

8. Mintz & Truppman, P.A., is a law firm retained by the Debtor pre-petition to seek additional recoveries from Universal.

9. The Debtor owns real property at 3110 Sheridan Avenue, Miami Beach, FL 33140 (the "Property").

10. On or about March 7, 2010, the Debtor, while insured with Universal and with an outstanding mortgage (convertible construction loan) to Regions Bank, suffered an insured loss at the Property.

11. The insured loss consisted of various elements including:

    1. damage to the building on the Property;

    2. loss of personal property;

    3. collateral losses and expenses.

12. Universal initially issued two checks for the damage to the dwelling in the sum of $414,637.35 made payable jointly to Regions and Mizrahi and Bermudez ("Dwelling Check").

13. Bermudez performed adjusting services for Mizrahi under a written agreement and is entitled to a fee (10%) of the Dwelling Check.

14. Bermudez endorsed the Dwelling Check and delivered it to Mizrahi.

15. MIzrahi endorsed the Dwelling Check and delivered it to Regions Bank with the understanding that the funds would partially reduce the construction loan balance and that the remaining balance of the construction loan proceeds $120,000 would be finally released to complete the dwelling construction.

16. Instead, Regions wrongfully asserted a default, refused to convert the construction

loan to permanent financing (as was agreed in the loan documentation), refused to pay Bermudez, and retained the entire Dwelling Check and never provided an explanation of how the proceeds of the Dwelling Check were applied.

17. Regions/LSREF2/Wells Fargo also has or had funds in "escrow" that were not accounted for or applied to the loan.

18. Reducing the loan by the amounts not released and the amounts kept by Regions or its successors results in an overpayment of the loan to date.

19. This conduct of Regions caused damages to Mizrahi, including:

   1. increased costs;
   2. interest and fees to Bermudez;
   3. increased living expenses;
   4. attorneys fees and costs.

20. LSREF2, by assignment, stepped into the shoes of Regions Bank.

21. Wells Fargo, by assignment, stepped into the shoes of LSREF2.

22. The Debtor is in need of a portion of the insurance proceeds to achieve a certificate of occupancy for the Property.

23. The Debtor is in need of $41,000 from the proceeds of the Dwelling Check to pay Bermudez who was entitled to same approximately one year ago.

24. The mortgage loan was due to be adjusted to libor +2.25 and Regions never made the adjustment as required.

25. Regions then and LSREF2/Wells Fargo now wrongfully or unfairly assert the loan is in default status and refuse to release insurance proceeds for any purpose.

26. The Debtor has no adequate remedy at law and is in need of and entitled to an equitable resolution.

27. The balance of the Dwelling Check proceeds should be applied to regular monthly payments due on the construction mortgage loan (as adjusted) with the balance together with any unused escrows to reduce the principal, and a new principal and adjusted interest rate should be found and declared.

28. Mintz & Truppman, P.A., is entitled to a charging lien on the SLC for reasonable services rendered in this regard.

29. On August 17, 2011, Universal issued a second check for the Debtor's losses beyond the damages to the dwelling ($200,000) ("Soft Loss Check").

30. The Soft Loss Check was also made payable to Mizrahi, Bermudez, Regions, Bank/Regions Mortgage and MIzrahi's counsel, Mintz & Truppman, P.A.

31. The various entitlements to the Soft Loss Check or its proceeds are in dispute.

32. Bermudez is not entitled to a share of the Soft Loss Check.

33. Regions/LSREF2/Wells Fargo are not entitled to a share of the Soft Loss Check.

34. Mintz Truppman, P.A. is entitled to fee (charging lien) from the Soft Loss Check.

35. Regions/LSREF2/Wells Fargo strategically refused to release the funds as part of a litigation strategy.

36. Regions/LSREF2/Wells Fargo, by their conduct have damaged the Debtor by increasing the costs and expenses to try to secure the Soft Loss Check or its proceeds and have caused damage due to the loss of the use of the money for almost one year (so far).

37. During the course of these events, the Debtor entered into a contract with Pentium. However, Pentium either performed no services or performed *de minimis* services and has not performed under the contract.

38. Pentium filed a lis pendens and has made a secured claim against the Estate.

39. Pentium is not owed any sums.

40. If Pentium is owed any funds at all, in such event, the claims of Pentium should be determined to be general unsecured claims in this case.

41. An additional and separate loss occurred in March of 2012 and Fidelity Insurance Co., in July, 2012, wrote a check for just under $30,000. This check is also written jointly to Wells Fargo and the Debtor.

WHEREFORE, the Debtor respectfully requests:

1. That LSREF2/Wells Fargo:

    i. satisfy the principal claim of Bermudez from the Dwelling Check proceeds;

    ii. pay any and all additional claims of Bermudez due to the delay as damages;

    iii. Apply the balance of the Dwelling Check and any unapplied or undisbursed escrow funds in payment of all regular/adjusted monthly payments to the date of the Petition in this case with the balance to be applied tax escrow or ad valorem tax obligations of the Property;

2. That upon application of the funds/proceeds above, the extent of the lien of LSREF2/Wells Fargo be determined, the interest rate be determined and the

    monthly payment be determined;

3. That Universal issue a replacement check for the Soft Loss Check to the Debtor and Mintz Truppman, P.A.;

4. That Mintz Truppman, P.A.'s claim be determined and paid;

5. That the Soft Loss Check proceeds or replacement be determined to be free of any claim of LSREF2/Wells Fargo; and

6. That damages, interest and attorneys fees be awarded against /LSREF2/Wells Fargo.

7. The $30,000 check be released to the Debtor free of any claim of Wells Fargo.

  I HEREBY CERTIFY that I am admitted to Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090(a).

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on this 22nd day of July, 2012, and forwarded via CM/ECF electronic means to all parties of record.

        **LAW OFFICES OF SCOTT ALAN ORTH, P.A.**
        *Attorney for Debtor/Plaintiff*
        3880 Sheridan Street
        Hollywood, Florida 33021
        305.757.3300 / 305.757.0071 F
        scott@orthlawoffice.com
        By: /s/   Scott Alan Orth, Esq.
          SCOTT ALAN ORTH, ESQ.
          Florida Bar No. 436313